of Labor and Industries, and in that case for the Plaintiff Appellant we have Sydney Phillips, and then for the Appellee we have Brendan Selby. Good afternoon, may it please the Court, my name is Sydney Phillips and I represent the Appellant Slidewaters. Slidewaters is a small, family owned and operated 15 acre water park in Lake Chelan, Washington. Slidewaters has been open since 1983 with its current owners, cousins Robert and Burke Bordner, owning it since 2008. Slidewaters operates on a 100 day season where it employs 150 seasonal employees, mainly youth and young adults. We respectfully ask this Court to reverse the District Court's dismissal of Slidewaters state law claims and remand the claims to Chelan County Superior Court for the following three reasons. First, Slidewaters created and implemented a COVID-19 safety plan to allow their business to operate safely for patrons and staff alike. Second, the District Court erred by converting Slidewaters motion for preliminary injunction into a motion for permanent injunction. And third, the District Court improperly dismissed Slidewaters federal and state law claims by applying the inappropriate standard. As to my first point, Slidewaters created... Can I just interrupt? Before you get into the merits, could you just bring us up to date on what the current status is? And this is a two part question. The first is, what is the nature of the restrictions that are currently applicable to your client as of today? Yes, so currently Slidewaters is able to be open. There are a number of restrictions, including social distancing, as well as... My understanding is that there are also limitations on the capacity that they're able to have at Slidewaters at this time. And then there's additional restrictions, similarly, as were last summer regarding wearing of masks and encouraging that cleaning, sanitizing, those types of measures. And do you think your challenge extends equally to those measures as to the measures that were in place before? Yes, in large part because the restrictions that are on Slidewaters still exist with regard to L&I specifically. L&I still has its penalty for businesses that operate in violation of the law. Slidewaters is still currently going through the appeal process of the fine that they did receive in 2020 for being open. And so those restrictions are still applicable to Slidewaters today. And so is it your view that if you were to get the declaratory judgment that you're seeking, you would be able to assert that in the appeal of the L&I fine as a defense to the fine enforcement? Yes, Your Honor. Thank you. As to my first point, Slidewaters created and implemented a COVID-19 safety plan to allow all aspects of their business to operate safely for patrons and staff alike. The opening of all water parks, including Slidewaters, was categorically determined by Governor Inslee and the Department of Labor and Industries, L&I, to be impossible despite plans like the Clean and Safe Plan at Slidewaters. Let me stop you and ask, what are we supposed to do with this part of your argument? I mean, the statute and case law does not give us the ultimate authority to decide whether or not Slidewaters had a good or adequate plan. And so I understand why you want to introduce the argument by saying this wouldn't be disastrous to the neighborhood. But what action can we possibly take based on this particular argument? Your Honor, this argument simply goes to a greater understanding of Slidewaters in the 2020 season, and it goes to a more fuller picture of what they were experiencing when the district court altered its motion for preliminary injunction into one for permanent injunction. You're not arguing that this court has the authority ultimately to make that decision, are you? No, Your Honor. This is simply to inform the court of the situation that was before Slidewaters in the summer of 2020. At some point, I would like it if you would get to the grounds that you think this court does have authority to speak to. Yes, Your Honor. As to that second point, the district court erred by converting Slidewaters' motion for preliminary injunction into a motion for permanent injunction. The district court informed Slidewaters that it was considering converting the motion for preliminary injunction into one for permanent injunctive relief with only four days to supplement its evidentiary record. The order was both hasty and ambiguous without providing Slidewaters with the appropriate time to object. Did Slidewaters object? No, Your Honor, not in our reply. Well, so if there's not an objection made to the district court, what are we supposed to do? It's all well and good to say, well, we might have objected, but if you didn't, then where did the district court go wrong? It was unclear in the district court's submission to the parties that it was, in fact, going to convert this into a motion for permanent injunction. At what point did Slidewaters object to the district court, if ever? It did not, Your Honor. Okay. As long as you're on that topic, let me ask one other thing. The argument in the brief is that, well, we would have done some discovery, but the brief doesn't identify what the discovery was nor discuss what possible impact it could have had since the issues put to the court seem primarily legal, not factual. So maybe you can help me with understanding what difference it would have made. Your Honor, I think the biggest focus would have been on the ways that Slidewaters, as a water park that also had a restaurant and shop attached to it, was treated differently from other businesses within Washington State. Not only businesses within... Well, you just told me that all water parks were closed by last year's decree. And it's a water park. It's called Slidewaters. And so the notion that maybe they have some other activities really doesn't tell me why the district court should not have proceeded in the way it did with regard to hearing the permanent injunction, which was apparently never objected to by your client. So I want some substance here. If you're going to argue the district court erred by going ahead with hearing the preliminary injunction and the permanent injunction issues at the same time, I need to know what the problem was. I'm still waiting to hear what the problem was. The problem was that Slidewaters was not only a water park. While its majority of its work was a water park, Slidewaters was treated differently than other businesses within the state of Washington during the summer of 2020 and were unfairly punished for also being a water park. Is there anything in your brief to us that talks about what you're raising now or how Slidewaters should have been allowed perhaps to continue with a restaurant operation, even with the water park being closed? Yes, Your Honor. I do believe there is. I don't have the site with me at the moment, but on rebuttal, I will be able to have that for you. I mean, that sounds like it's starting to sound like an equal protection claim, which I didn't think you had brought. So, I mean, how is the fact that you're treated differently from other kinds of businesses relevant to any of the legal claims that were actually before the district court? The relevance is that it would have been something that Slidewaters potentially could have amended a complaint regarding if they had had the opportunity to do discovery or if the court had determined that there was not a basis for a substantive due process argument, but instead that the remaining state law claim should have been remanded to Chelan County Superior Court for the state courts to appropriately address instead of the federal courts. Is that something that Slidewaters asked the district court to do? Not in our reply, Your Honor. Well, then, exactly. I mean, it sounds like you want a complete do-over having struck out in front of the district court. You want us to pump life back into it so you can have another chance, even though you never raise these objections to the district court. Is that something you think we're empowered to do or should do? Your Honor, the court is allowed to recognize that where the district court contemplated conversion, that it had to give the parties clear and unambiguous notice. And you never objected when the district court said that's what it was going to do, and you never objected during the proceeding, and you didn't object to the district court at the end of the proceeding. Now you want us to give thought to something that you didn't bring up last year. Really? Is that the best we have? I'd like to clarify that there was no proceeding. The court made its determination on its own, and despite the fact that both parties requested oral argument, it was not granted. And while Slidewaters understands that the district court has the ability to not give oral argument, it did not give Slidewaters the appropriate understanding that that was in fact what it was doing, that it was converting the preliminary injunction motion. Did you file an objection to that? Did you ever submit a post-judgment or a post-decision motion? Did you send a letter saying we've got these things that we need to bring up? Was there any articulation of an objection to the district court? No, Your Honor. We immediately appealed. I would like to just direct the court to my third point, which is that by remanding Governor Inslee's counterclaim, the district court necessarily recognized that both L&I and the governor's enforcement authority depended upon questions of Washington state law. Yet the court determined that it had the basis to determine all of Slidewaters' state law claims, which relied upon the exact same questions of state law, and dismissed them pursuant to the court's interpretation of Washington state law. Okay, so you know already that you did not object to the district court's consideration of the claims in the context of your claim, because you've already indicated you never asked that part of the case to be sent to state court. When the district court decided adverse to your request and there was no federal claim left, the only thing left is the state law claim being brought by the state. But there's no federal claim attached to that. So it's not only logical but pretty customary at that point, if there's no longer a federal claim alive in district court, for the court to decline supplemental jurisdiction on what is at that point a purely state law claim. How does that demonstrate that somehow the claim that you presented to the district court and didn't object to its consideration of wasn't properly handled? Because Slidewaters' motion for preliminary injunction was brought upon its federal claim alone. Slidewaters did not argue or raise any of its state law claims. Those were instead addressed by the court on its own action, and those claims should have been remanded the same way that the counterclaim by the state was remanded. The district court had the discretion not to exercise supplemental jurisdiction over remaining state law claims after dismissing the federal ones, and yet here chose to dismiss Slidewaters' single federal law claim of substantive due process in addition to its numerous additional state law claims. Slidewaters is asking this court on appeal for an internally consistent approach where the court would remand Slidewaters' state law claims. I'd like to reserve the remaining time for rebuttal. Okay, that's fine. We'll proceed with Mr. Thank you, Your Honor. Good afternoon, and may it please the court. Your Honors, this case is not about whether a single water park could open last summer. It's about whether Governor Inslee and the Washington Department of Labor and Industries lawfully exercised their delegated authority in response to a once-in-a-generation pandemic that has claimed the lives of nearly 600,000 Americans. Although Washington was one of the earliest and hardest-hit states, cases have declined significantly to the point where, as my friend on the other side has acknowledged, Slidewaters is now allowed to open, and a full reopening of the state is expected on June 30th of this month. The district court's judgment should be affirmed for at least three reasons. First, the parties agree that the appropriate standard of review of its substantive due process claims is rational basis, and under that deferential standard, Slidewaters cannot show that it was arbitrary or irrational for Washington to follow the approach that nearly every other state did and countries around the world. And the Supreme Court has stated that preventing the spread of COVID-19 is a compelling state interest. Second, the Washington Supreme Court has consistently upheld the authority of executive branch actors to take emergency action in response to events that threaten life, health, public property, or the public peace, including during this pandemic and including preventative actions. Third, as I think has been alluded to already in this argument, Slidewaters has waived the other arguments that it attempts to raise the first time to this court. Unless there are specific questions, I'll turn to the merits of the due process claim first. Well, let me ask one question. You pose in your brief, I believe, the possibility that this case might be moot. Is that still your position, or is there, in fact, some substance to the regulation that still impacts negatively on Slidewaters, as counsel appeared to indicate? So what is your position currently on the possibility of mootness? Yes. So as we say, we're not challenging Slidewaters' ability to mount a constitutional challenge to the fine that they received from LNI. We do believe that Slidewaters cannot challenge the current state of the law, which is very different, entirely different, in fact, from the state of the law as it existed last summer. If they wanted to challenge current restrictions, they would need to file a new lawsuit. They can't just continually append, as the law changes, to assert a continuing challenge to every state of the law. Well, if the challenge is to, for example, the governor's authority or the department's authority, that would seem to transcend all forms of regulation other than whatever might be set out in the permanent regulations or perhaps statutes. And if they couldn't, I mean, you feel a little bit like the dog chasing the mechanical rabbit. These things are always going to be evolving, and so at some point they need to have the opportunity to say, look, we don't think the scheme which is being used by the governor to justify these continuously evolving regulations, that's not something that should properly be within his authority. At least that challenge would seem to be current under any formulation, wouldn't it? You're absolutely correct, Your Honor, and we are not – so this would just fall under their challenge to the fine. So they can still make the arguments about state law, about the governor's statutory authority, about LNI's statutory authority, and to the extent that those challenges would undermine or would result in the invalidation of current law, that would obviously be an effect of a ruling of that nature. But what they can't do is make a new challenge to the current law. So they have a right to challenge those issues that you mentioned, but they have to do it through the challenge to the fine that they incurred in July of 2020, and they have to do it against the backdrop of the law and the facts that existed at that time. That's our position. Right now they are still under some kind of limitation, capacity limitation, physical distancing, perhaps masks, although I have to say I've wondered what masks are like at a water park. But whatever limitations the state imposes, they still apply so that slide waters is restricted. Why isn't that properly challenged through the proceeding that's before us today? Yes, it's not properly challenged because that's an entirely different law. So I think... Well, the challenge is to the governor's authority. The fact that they may have moved the chairs around on the ship a little bit doesn't change the challenge to the ship itself, does it? No, but I think there may be some confusion because we are conceding that they can challenge the governor's authority. Oh, okay. But what I'm arguing is that they can't challenge, for example, the current mask restrictions. They can't challenge whether the current restrictions are reasonable or not. They can challenge the governor's authority, and that's why we've responded on the merits of those arguments, and I'm happy to discuss the merits of all those arguments. I may have misunderstood your objection, so it sounds like we're on the same page. I think so, Your Honor. So just briefly on the due process claim, we do believe that rational basis applies. Slide waters does not appear to disagree. That's consistent with this court's recent decision in the Tannen v. Newsom case. I don't think that a lot of discussion of this is necessary. Rational basis is obviously a very deferential standard, and the actions taken here were in line with similar actions taken across the country. It was not unreasonable in July 2020, June and July of 2020, to prevent or to limit the operation of a large-scale water park during a global pandemic. In terms of turning to the state law claims that we were just mentioning, first of all, the district court properly considered those claims. We understand that Slide Waters is arguing that the district court improperly remanded the governor's counterclaim, and that's the basis for their challenge to the court's assertion of jurisdiction over their claims. But the governor, in fact, dismissed that counterclaim in August, a month later. So there really is no basis at this point for any challenge on that ground, especially because Slide Waters never objected to the district court's consideration of its state law claims, and, in fact, vigorously briefed them, I believe, in the PI proceedings as well. So I think my friend on the other side suggested that was not an issue in the PI. I believe it was. Turning to the merits of those state law claims, there was and continues to be a disaster and public disorder in the state of Washington from the COVID-19 pandemic. The Washington Supreme Court in Colvin v. Inslee from July 2020 acknowledged the governor's extensive authority, citing the Cougar Business Association case, which had a very generous standard, essentially rational basis review as applied to both the declaration and the termination of an emergency. And as recent as February of this year, the Washington Supreme Court declared that we are currently in the throes of an ongoing public health crisis. So there was clearly a authority under the statute to declare an emergency. I think the next question is whether Slide Waters can also make its separation of powers argument. It never raised that argument to the district court. Certainly not sufficient for the district court to rule on it, for us to brief it. The legal standard that would apply to that claim, which was the Berry v. Berry standard, was not even cited by any party. So we just simply disagree that this argument, this constitutional argument, was raised in this case. What was raised was a statutory argument. And I think we have adequately briefed that argument, explained why both the Washington Supreme Court and the Washington legislature have essentially ratified the executive branch's authority in this regard, and has stated repeatedly that the executive branch historically takes the lead in responding to emergencies in Washington. As for L&I's authority, this has not been discussed in great detail, but in short, L&I exercises independent authority to set workplace health and safety regulations, and it did so here expressly relying on that statutory authority. It was not relying on the governor's declaration of an emergency or any other advisory recommendations or rules. It did incorporate those rules into its rule about employers, but that was pursuant to its statutory authority, as the district court correctly recognized. Finally, I'd like to address the issue of consolidation and whether the district court properly consolidated the proceedings under Rule 65A2. As noted, Slidewaters never objected to the consolidation. They claim that they were only given four days to respond by the district court, but that was actually four days for the defendants to submit their opposition brief. Slidewaters had a week to respond and, of course, could have made even the barest mention of this issue at any point before or even after the district court reached final judgment. The fact that it did so means the argument is waived. Even if it was not waived, as has been pointed out, first, the district court noted its clear intention to consolidate the proceedings. It did more than state that it was considering the issue. It said it was inclined to consolidate. And Slidewaters did not even make a one-sentence objection stating that it needed more time, even though it did state that the governor's counterclaim should not be consolidated. So it was clearly aware of the issue. And second, Slidewaters has not shown substantial prejudice from any lack of notice. It has not pointed to any specific evidence, material evidence, that could have made a difference in these proceedings. And, in fact, its T.I. motion was on the same factual record as the T.R.O. motion that had briefly had just been denied. The last point I want to touch on is just the equities, because Slidewaters has suggested that the district court employ a heads-I-win, tails-you-lose approach to this case. But to remind the court of the history, Slidewaters fully briefed the T.R.O. motion in court it lost, and then it reopened anyway in what its counsel claimed was defiance of the law. It now claims that it was only doing, quote, what is necessary to ensure the vitality of its business as a going concern. Now, Slidewaters can certainly decide for itself what it thinks is necessary, but whether it can disregard public health laws during a global pandemic based on its own determination and necessity, I don't think that's a position that this court or any other court would want to endorse or has ever endorsed. Slidewaters then filed a T.I. motion on virtually the same record, sought to expedite it, and failed to object to consolidation. And only after losing did it raise a variety of new procedural arguments, including seeking a remand directly from this court. The fact is that Slidewaters does not have clean hands in this case, and each and every one of its legal arguments is entirely without merit. The district court carefully considered the facts and examined the laws applicable to all of its claims and correctly issued final judgment in favor of the defendants. Its judgment should be affirmed. Thank you very much. Okay. Ms. Phillips. Yes, Your Honor. Just briefly, I would like to address a point that Mr. Selby just brought up regarding Slidewaters opening in defiance, and he stated that Slidewaters was disregarding public health laws. I'd like to clarify that for the court. That was not the case. Slidewaters did open, but after initial approval from the Chelan-Douglas Health District, which was then rescinded by the Department of Health, the statewide Department of Health, at a later date when Slidewaters had already started to open, including doing all of the things that were mentioned for other businesses like Slidewaters, such as public pools, as well as state parks like the Lake Chelan State Park. And so I would just like to clarify that that was not the case. Additionally, to address the issue of the failure to object, that goes to subject matter jurisdiction, which, as this court knows, can be raised at any time. The court additionally would normally have to request, pardon me, the parties would normally have to request for permanent injunctive relief for the court to enter such a relief, and it took jurisdiction sui sponte without even adequately notifying the parties of what it was going to do. Mr. Selby addressed the idea that the court stated that it was inclined to consolidate. I would like to push back that there are numerous things that myself perhaps would be inclined to do on a daily basis, but I do not do. And so for that to say that that was clear and unambiguous notice I think is misleading. Additionally, to address the point of it not being moot, the governor could unilaterally put back the restrictions back to day one tomorrow if he wanted, and Ellen and I could be here arguing that our new challenge would be moot as well. And so for those reasons, these issues are not moot, and we would request that the court reverse the district court's ruling. You volunteered to come back during rebuttal and point me to where in your briefs you had raised the objection that you seem to be starting to raise about, well, Slidewaters also has a restaurant. Have you been able to identify where in the briefs you've made that point? No, Your Honor. I did look for it during that time. I would be willing to submit a supplemental notice to the court specifically pointing that out. I apologize that I was not able to find it before. I've got to say I searched for the word restaurant in both of your briefs and came up empty. So I remain quizzical as to whether the argument that you tried to articulate today has actually ever been raised before, let alone before the district court. And to me, that seems to be a problem, but I guess that's what we're left to resolve.  Counsel, I'll just suggest that if you want to submit a supplemental citation to the record, that you do so within the next five days. Yes, Your Honor. Thank you so much. The court will, therefore, submit this case at this time subject to the supplementation of the argument by counsel submitting a citation, if she wishes. And I'm going to thank Ms. Phillips and Mr. Selby for their spirited arguments. These are trying times, and it's very helpful. It does have the benefit of your advocacy, so thank you. Without further ado, then, the case shall now be submitted. I think we will, therefore, adjourn for the day. All rise. This court for this session stands adjourned.
judges: Gould, Clifton, Miller